This case is before us on defendant’s motion, filed September 30, 1981, pursuant to Rule 102(b)(2), to have plaintiffs’ petition dismissed for failure to prosecute. Specifically, defendant contends that plaintiffs have not complied *778 with a prior order of this court directing plaintiffs to respond to defendant’s interrogatories. We grant defendant’s motion as to some of the plaintiffs and deny it as to the others.
Plaintiffs, 44 in number, are or were civilian members of the guard force at Fort Detrick, near Frederick, Maryland. Plaintiffs contend that they were required to work, at various times between 1959 and 1972, at pre-shift and post-shift activities in excess of their basic 8-hour days and that they were not compensated at the proper overtime rates.
Plaintiffs’ suit has progressed very slowly. The petition was filed in this court on March 7, 1975, but proceedings were suspended until February 28, 1976, to permit a final administrative determination. This decision, on February 24, 1976, was adverse for the stated reason that plaintiffs had failed to provide sufficient information to substantiate their claims. An amended petition followed, and an answer, and on July 19, 1977, defendant forwarded to plaintiffs the interrogatories that are now under consideration.
After nearly 2 years had elapsed without answers, defendant moved, on June 14,1979, for dismissal for failure to prosecute. By order of October 9, 1979, 221 Ct.Cl. 879, this court denied that motion as too drastic at that time but made clear that diligent prosecution of the claims was thereafter necessary:
We direct that any and all further proceedings in this case be conducted in strict compliance with the rules of this court. Sua sponte, we will allow plaintiffs 30 days from the date of this order to submit answers to defendant’s interrogatories, which were originally forwarded on July 19, 1977. If plaintiffs are henceforth responsible for unnecessary delay, we will not hesitate to dismiss their petition.
In response, defendant, on November 23, 1979, received replies from 21 of the 44 plaintiffs.
Defendant’s present motion for dismissal, its second, alleges that the plaintiffs still have failed to heed our October 9, 1979, order: (1) as to the 23 plaintiffs who did not answer the interrogatories at all, there is simple failure to follow it and (2) as to the 21 plaintiffs who did file answers, *779 the inadequacy of the responses is such that our order was not complied with.
Defendant is clearly right with regard to the first group, and plaintiffs’ attorney makes no objection. Accordingly, the petition is dismissed as to the following 23 plaintiffs (the numbers before each name refer to their numbers on the original petition):
2. Thomas W. Austin
7. John N. Burchey, Jr.
8. John Markall Carpenter
9. John M. Crapster
11. Walter E. DeGrange
12. Melvin Q. Dixon
13. Roscoe W. Fisher
14. William B. Fout
16. George Fulmer
17. Ralph E. Gladhill
18. Gordon 'E. Harris
21. James B. Keyser
22. Chester M. Knill
23. Harry M. Lighter
24. Charles R. Main
26. Leslie P. Main
27. Leonard M. Markle
28. James W. McBride
31. Paul H. Norris, Jr.
36. Stanley J. Rogan
38. Marvin P. Spencer, Sr.
40. George W. Tregoning
41. Howard V. Tull
With regard to the second group, however, we disagree with defendant’s blanket allegation that the answering plaintiffs were unresponsive. We have examined each of the 21 replies and find only that the reply of Harry L. Walters (plaintiff No. 42 on the original petition) completely failed to provide enough information for the case to proceed. Accordingly, of the group of answering plaintiffs, we dismiss the petition only as to No. 42, Harry L. Walters.
it is hereby ordered, upon consideration of the pleadings, defendant’s motion and plaintiffs opposition thereto, without oral argument, that defendant’s motion to dismiss for failure to prosecute is granted as to the 24 plaintiffs named within the text of this order (Nos. 2, 7, 8, 9, 11, 12, 13, 14, 16, 17, 18, 21, 22, 23, 24, 26, 27, 28, 31, 36, 38, 40, 41, and 42) and is denied as to the rest of the plaintiffs whose claims are returned to the trial division for appropriate proceedings.
On September 17, 1982, by separate order, the court, in the interests of justice, vacated the foregoing order as to *780 Plaintiffs Nos. 11 and 27 (referred to in the text of the foregoing order) and substituted the widow of the respective plaintiff. Also, on September 17, 1982 the court relieved Plaintiff No. 42, Harry L. Walters, from dismissal of his claim and reinstated the claim. Also, on September 30, 1982 the court, in the interests of justice, vacated the foregoing order as to Plaintiff No. 17 (referred to in the text of the foregoing order) and substituted his widow as plaintiff in his place.